Lu v. Sessions

BIA
Christensen, IJ
A205 901 290

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of August, two thousand seventeen.

PRESENT:
>ROBERT A. KATZMANN,
>>*Chief Judge,*
>JON O. NEWMAN,
>RICHARD C. WESLEY,
>>*Circuit Judges.*

_____

GUIFENG LU,
>*Petitioner,*

>v.                                    16-1393
>                                      NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:          Guifeng Lu, pro se, Alhambra, California.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant Attorney General, Claire L. Workman, Senior Litigation Counsel, John B. Holt, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Guifeng Lu, a native and citizen of the People's Republic of China, seeks review of an April 4, 2016, decision of the BIA affirming an April 20, 2015, decision of an Immigration Judge ("IJ") denying Lu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guifeng Lu,* No. A205 901 290 (B.I.A. Apr. 4, 2016), *aff'g* No. A205 901 290 (Immig. Ct. N.Y. City Apr. 20, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because the IJ's adverse credibility determination is dispositive, we reach only that determination and decline to consider the alternative grounds offered for the agency's decision. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts . . . are not required to make findings on issues the decision of which is unnecessary to the results they reach."). Among the factors upon which "a trier of fact

2

may base a credibility determination" are "the consistency between the applicant's . . . written and oral statements" and "the internal consistency of each such statement, . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *see also* 8 U.S.C. § 1252(b)(4)(B) ("the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary").

The record here supports the agency's determination that Lu was not credible. His testimony was both internally inconsistent and inconsistent with his written statement. In his asylum application, Lu described being beaten on the first and second days of his 2005 detention, but made no mention of any beatings on the third day. On direct examination, however, Lu testified that he was beaten on the first and third days of detention, without mention of being beaten on the second day. Finally, when cross examined regarding the inconsistency

3

between his asylum application and direct examination, Lu provided a third version of events by testifying that he actually was beaten on all three days.

Lu contends that any inconsistencies in his application and testimony were minor. But changes regarding when and how many times he claims to have been beaten constitute "'a material inconsistency in an aspect of [his] story that served as an example of the very persecution from which he sought asylum,'" which "afforded substantial evidence to support the adverse credibility finding." *Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (quoting *Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005)).

Lu relies on *Ren v. Holder*, 648 F.3d 1079, 1086 (9th Cir. 2011), for the proposition that whether events occurred "on the second or third day of his detention says nothing about his truthfulness or the overall reliability of his account," but the issue here is not solely the accuracy of Lu's memory. In addition to providing inconsistent versions of events, there is also the fact that Lu appeared to change his story yet again when faced with this contradiction. Moreover, "[w]hen evaluating credibility determinations for substantial evidence, we afford 'particular deference' to the IJ,"

4

recognizing that "[w]here the IJ's adverse credibility finding is based on specific examples of inconsistent statements' or 'contradictory evidence,' a 'reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise.'" *Lin*, 534 F.3d at 165-66 (quoting *Zhang v. INS*, 386 F.3d 66, 74 (2d Cir. 2004)).

Lu argues that he explained at the hearing that he may not have been very clear when completing his asylum application, but the agency was not required to accept this explanation. Lu swore to the application's truth, he was instructed to say that he did not know or could not remember if necessary, and his explanation did nothing to resolve the internal inconsistency. *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." (internal quotation marks omitted)). Lu also misinterprets part of the IJ's decision by reading it to find that he suffered past persecution, but the IJ only assumed Lu's credibility for the purposes of its alternative analysis.

Nor did the IJ err in finding that Lu failed to rehabilitate his testimony with corroborating evidence. First, the IJ could

reasonably determine that a letter from Lu's wife was entitled to minimal evidentiary weight "both because it was unsworn and because it was submitted by an interested witness" unavailable for cross-examination. *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013). Second, the IJ could properly give little weight to a sterilization certificate that Lu failed to authenticate. As we have previously explained, "the weight to afford to such evidence 'lies largely' within the discretion of the IJ." *Chen v. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (quoting *Asociacion de Compositores y Editores de Musica LatinoAmericana v. Copyright Royalty Tribunal*, 854 F.2d 10, 13 (2d Cir. 1988)). Here, the IJ did not exceed the bounds of that discretion.

In light of Lu's testimony, the agency's adverse credibility determination is supported by substantial evidence. That determination is dispositive of Lu's claims for asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

6

Judge Newman concurs in the result on the Immigration Judge's ground that Lu has not established a well founded fear of future persecution in view of a fundamental change in circumstances.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7